Russell D. Garrett, WSBA #18657
russell.garrett@jordanramis.com
JORDAN RAMIS PC
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070
Facsimile: (503) 598-7373

Attorneys for Colleen E. Dempsey and John P. McCann, Co-Trustees of the John P. McCann and Elizabeth A. McCann Trust

Hon. Timothy W. Dore
Chapter: 7

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| In re<br><br>DANIEL J. McCANN,<br><br>    Debtor.<br>_____<br>COLLEEN E. DEMPSEY AND JOHN P. McCANN CO-TRUSTEES OF THE JOHN P. McCANN AND ELIZABETH A. McCANN TRUST,<br><br>    Plaintiffs,<br><br>    v.<br><br>DANIEL J. McCANN,<br><br>    Defendant. | Case No. 18-14055-TWD<br>Adv No.: _____<br><br>COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(4) (FRAUD) AND 11 U.S.C. § 523(a)(6) (WILLFUL AND MALICIOUS INJURY) |

Colleen E. Dempsey and John P. McCann, Co-Trustees of the John. P. McCann and Elizabeth A. McCann Trust (hereinafter "Plaintiffs") complain and allege as follows:

## JURISDICTION AND VENUE

1. This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I). This Court has jurisdiction to hear this complaint pursuant to 28 U.S.C. §§ 157(a) and (b), and 1334(a) and (b), and Rule 87 of the Local Rules of Civil Practice for the United States District Court for the

/ / /

COMPLAINT TO DETERMINE DISCHARGEABILITY
OF DEBT - Page 1

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
54483-77286 3322886.5

Western District of Washington. This Court has jurisdiction over this adversary proceeding pursuant to 28 USC § 1334(b) and 28 USC § 157(a).

2. The Bankruptcy Court has the authority under applicable law to enter a final order or judgment in this action.

3. The Plaintiffs consent to entry of a final order or judgment by the bankruptcy judge.

4. Venue is proper under 28 U.S.C. § 1409.

**PARTIES**

5. Plaintiffs are Colleen E. Dempsey and John P. McCann as Co-Trustees of the Elizabeth A. McCann and John P. McCann Trust ("Plaintiffs").

6. Defendant Daniel J. McCann (hereafter, "the Debtor" or "Daniel") is the Debtor in the underlying Chapter 7 bankruptcy proceeding and an individual residing in Kirkland, Washington.

**BACKGROUND FACTS**

7. Daniel filed a voluntary Washington bankruptcy petition on October 22, 2018.

8. Plaintiffs are the holders of a judgment against the Debtor for damages in the principal amount of $2,050.831.76, entered on June 14, 2015, in the case of *Daniel J. McCann v. Colleen E. Dempsey, Trustee, et al.* Superior Court of California, County of Fresno, Central Division Case No. 11 CE PR00871 consolidated for trial with 13 CEPR 00437 ("the California Judgment"). A true copy of the certified California Judgment is attached hereto as Exhibit A and incorporated herein.

9. The California Judgment awards Plaintiffs prejudgment interest at 10% per annum on the damages amount of $2,050.831.76 commencing October 15, 2009.

10. The California Judgment awards Plaintiffs reasonable attorney fees and costs of suit.

///

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
54483-77286 3322886.5

11. In addition to the California Judgment amount, the California Superior Court awarded Plaintiffs $1,608,408.95 in attorney fees and $79,568.19 in costs. A true copy of the California Superior Court award of attorney fees and costs is attached hereto as Exhibit B and incorporated herein.

12. The Exhibits A & B, (collectively the "California Judgments"), including the awards of interest and attorney fees and costs, were accepted and domesticated in the State of Vermont by judgment entered April 27, 2016 in the case *Daniel J. McCann v. Colleen Dempsey, et al.* State of Vermont Superior Court, Windsor Unit, Docket No.: 231-13 Wrcv (the "Vermont Judgment"). A true copy of the Vermont Judgment is attached hereto as Exhibit C and incorporated herein.

13. This is an adversary proceeding to determine that the amount awarded to the Plaintiffs and against the Debtor for damages, interest, attorney fees and costs pursuant to the California Judgments and Vermont Judgment is a debt that is not subject to discharge in bankruptcy pursuant to 11 U.S.C. § 523(a).

**FACTUAL ALLEGATIONS**

14. The California and Vermont Judgments arose from the efforts of Plaintiffs, the Co-Trustees of the John P. McCann and Elizabeth A. McCann Trust (the "McCann Trust") to recoup Trust assets wrongfully taken by their brother, the Debtor Daniel McCann, while Daniel was living with his 84 year-old mother, Elizabeth McCann, in Quechee, Vermont.

15. Between 2007 and 2009, Daniel was his mother's primary caretaker, her agent pursuant to a written power of attorney, one of the Trustees of the McCann Trust, and a signatory on his mother's Merrill Lynch cash management account ("CMA") and investment accounts.

16. Without the knowledge of Mrs. McCann or the other co-trustees, Daniel exercised undue influence over his mother by taking control of her financial affairs and misappropriating $1,025,415.88 of McCann trust funds which he spent on exorbitant monthly credit card charges

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT - Page 3

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
54483-77286 3322886.5

to purchase automobiles, vacations, luxury goods, and support a lavish lifestyle for the personal use of himself and his companion Steve Mullen.

17. Daniel also secretly and improperly induced his mother to sign a deed transferring a joint tenancy interest in Quechee, Vermont real estate, a Trust asset, to himself.

18. On May 21, 2015, after a 23 day trial in the Superior Court of California, County of Fresno, the California Superior Court made numerous findings of fact and conclusions of law, based on the evidence presented at the trial, and issued an 81-page Statement of Decision. Each of those findings and conclusions is incorporated into this Complaint as if set forth herein. A true copy of the Statement of Decision is attached hereto as Exhibit D and incorporated herein by reference.

19. In the Exhibit D Findings of Fact and Conclusions of Law, the California Superior Court determined that "there was a fiduciary relationship between Daniel and Mrs. McCann which arose as a result of Daniel's role as Mrs. McCann's attorney-in-fact, primary caretaker, and trustee." (Exhibit D -p. 49).

20. In the Exhibit D Findings of Fact and Conclusions of Law, the Court found that "Daniel misappropriated…funds from the Merrill Lynch accounts and/or that his disbursement of the funds constituted a breach of his fiduciary duty as Mrs. McCann's agent or as a co-trustee." (Exhibit D -p. 80). The Court found that his takings were done in secret as to Mrs. McCann and "the takings were actively concealed" as to the Plaintiff co- Trustees and other beneficiaries of the Trust. (Exhibit D -p. 75)

21. The Court found that "the funds were largely used to purchase luxury items and expensive vacations both for Daniel and his companion, Steven Mullen" (Exhibit D -p. 75) and "The expenditures paid for out of the CMA to Daniel and Mullen were in derogation of Daniel's duties as a fiduciary." (Exhibit D -p. 71). The Court found that Daniel used McCann Trust funds to purchase a brand new Mercedes Benz E-Class sedan which he titled in his own name, first

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT - Page 4

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
54483-77286 3322886.5

class airplane travel, luggage from Louis Vuitton, and jewelry from Cartier including a $17,210 bracelet for himself. (Exhibit D -p. 63).

22. The Court found that Daniel also "emotionally manipulated his mother," "physically isolated Mrs. McCann," and found that Daniel engaged in "blatantly controlling and abusive behavior" (Exhibit D -p. 51). The Court concluded that Daniel McCann not only breached his fiduciary duties, but that he "engaged in bad faith and elder financial abuse" of his 84 year old mother Elizabeth A. McCann following the death of her husband, John P. McCann (Exhibit D -p. 76).

23. The Court found the Quechee, Vermont property was at all times an asset of the McCann trust and that "the property was misappropriated by Daniel through the creation and execution of the 2008 warranty deed, which was procured by undue influence." (Exhibit D -p. 60).

24. Based upon the Exhibit D Findings of Fact and Conclusions of Law, on June 4, 2015, the California court issued the California Judgment (Exhibit A), awarded damages and enhanced (double) damages against the Debtor and in favor of the Plaintiff Co-Trustees in the total amount of $2,050,831.76, plus prejudgment interest to accrue at 10%, and awarded the Plaintiffs $1,608,408.95 in attorney fees and $79,568.19 in costs (Exhibit B).

25. The Exhibits A & B California Judgments are final. Daniel did appeal the California Judgments, but on February 11, 2016, the Court of Appeal of the State of California, Fifth Appellate District, dismissed the appeal for lack of prosecution, thereby making the Judgments final. A true copy of the Dismissal of the appeal is attached as Exhibit E.

**FIRST CLAIM FOR RELIEF – 11 U.S.C. § 523(a)(4)**

**(Fraud)**

26. Plaintiff realleges Paragraphs 1 through 25 as if fully set forth herein.

27. 11 U.S.C. § 523(a)(4) excepts from discharge debts incurred by fiduciaries as a result of either fraud or defalcation.

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
54483-77286 3322886.5

28. The Debtor held Trust funds as a fiduciary for his mother and for the McCann Trust. The Debtor was a fiduciary by virtue of the execution of the power of attorney by which his mother appointed him her agent. The Debtor was also a fiduciary by virtue of his appointment as a Co-Trustee of the McCann Trust. The Debtor was further a fiduciary by virtue of his position as the sole caretaker for his elderly mother who was dependent upon him and vulnerable due to her advanced age and isolation.

29. The Trust funds were expressly held to be used by the Debtor consistent with Trust purposes. The Debtor misappropriated Trust funds that he held in a fiduciary capacity, and used those funds intentionally, and in bad faith, for his own personal use.

30. The Debtor's actions constitute defalcation while acting in a fiduciary capacity. The Exhibits A & B California Judgments and Exhibit C Vermont Judgment are not dischargeable under 11 USC § 523(a)(4).

31. The Debtor's actions constitute fraud while acting in a fiduciary capacity. The California and Vermont state court judgments are not dischargeable under 11 USC § 523(a)(4).

**SECOND CLAIM FOR RELIEF – 11 U.S.C. § 523(a)(6)**

**(Willful and Malicious Injury)**

32. Plaintiff realleges Paragraphs 1 through 25 as if fully set forth herein.

33. 11 U.S.C. § 523(a)(6) excepts from discharge debts incurred by the Debtor for willful and malicious injury.

34. The Debtor engaged in blatantly controlling and abusive behavior toward his elderly mother. He acted in bad faith, with undue influence, and committed elder financial abuse by taking control of her financial affairs, misappropriating $1,025,415.88 of her trust funds, unduly influencing her to convey to him the Vermont trust property, physically isolating her, emotionally manipulating her, and using the McCann Trust funds to support his own lavish lifestyle.

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
54483-77286 3322886.5

35. The Debtor's actions to misappropriate and convert the Trust assets were done in secret as to Mrs. McCann, and the takings were actively concealed as to the Plaintiffs and other beneficiaries of the Trust. The intentional conversion of Trust funds to the Debtor's own use amounted to the deliberate looting of Trust funds for personal advantage and caused willful and malicious injury. The Debtor's actions were wrongful, were done intentionally, maliciously, with undue influence and necessarily caused injury to his mother and the Trust.

36. The Exhibits A & B California Judgments and Exhibit C Vermont Judgment, which include enhanced damages for the Debtor's bad faith actions, are not dischargeable under 11 U.S.C. § 523(a)(6).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment or a final order as follows:

1. On their First Claim for Relief for an order determining that the Exhibits A & B California Judgments and Exhibit C Vermont Judgment, in the principal amount of $2,050,831.76, plus all accrued prejudgment and post judgment interest, costs, and attorney's fees, are not subject to discharge in this proceeding pursuant to 11 U.S.C. § 523(a)(4);

2. On their Second Claim for Relief for an order determining that the Exhibits A & B California Judgments and Exhibit C Vermont Judgment, in the principal amount of $2,050,831.76, plus all accrued prejudgment and post judgment interest, costs, and attorney's fees, are not subject to discharge in this proceeding pursuant to 11 U.S.C. § 523(a)(6);

///
///
///
///
///
///
///

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT - Page 7

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
54483-77286 3322886.5

3. Awarding Plaintiffs their costs, including the filing fee, and any attorney's fees permitted under applicable law; and,

4. Such other relief as the Court deems just and equitable.

DATED this 18th day of January, 2019.

JORDAN RAMIS PC

By: /s/ Russell D. Garrett
Russell D. Garrett, WSBA #18657
Steven J. Kantor, Admitted Pro Hac Vice
*Attorneys for Colleen E. Dempsey and John P. McCann, Co-Trustees of the John P. McCann and Elizabeth A. McCann Trust*

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
54483-77286 3322886.5